**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ZENG "PETER" HUANG,** **Plaintiff,** | : | **Civil Action No.** |
| **v.** | : | **Complaint and Jury Demand** |
| **SUGARHOUSE HSP GAMING L.P. d/b/a RIVERS CASINO** **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Zeng "Peter" Huang (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Sugarhouse HSP Gaming, L.P. d/b/a Rivers Casino (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), the Philadelphia Fair Practices Ordinance ("PFPO") and the Family and Medical Leave Act of 1993, as amended ("FMLA"). In support thereof, Plaintiff avers as follows:

**<u>THE PARTIES</u>**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing in Little Neck, NY.
3. Upon information and belief, Defendant Sugarhouse HSP Gaming, L.P. d/b/a Rivers Casino

is a gaming operator with a location at 1001 N Delaware Avenue, Philadelphia, PA 19125 and with a corporate headquarters located at 1080 N Delaware Avenue, Suite 800, Philadelphia, PA 19125.

4. Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweek in the current or preceding year.
5. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.
6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.
7. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## **JURISDICTION AND VENUE**

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
9. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe

Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff was domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

14. Plaintiff exhausted his administrative remedies under Title VII, the ADA, the ADEA, the PHRA and the PFPO.

15. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race, national origin, disability and age discrimination as well as retaliation against Defendant.

16. The Charge was assigned a Charge Number 530-2025-06247 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

17. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated June 2, 2026.

18. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

19. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA claims.

20. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

21. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

22. Plaintiff is Asian and his national origin is China.

23. Plaintiff was born in 1960.

24. On or about December 21, 2021, Defendant hired Plaintiff in the position of Asian Table Games Manager.

25. The position required that the candidate be able to read, write, speak and understand Chinese languages.

26. Plaintiff was well qualified for his position and performed well.

## PLAINTIFF BECAME DISABLED DUE TO A CAR ACCIDENT

27. On August 24, 2022, Plaintiff was involved in a motor vehicle accident in which he suffered a herniated disc at L5-S1 which caused lumbar radiculopathy.

28. The aforementioned injuries are considered to be disabilities under the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO").

29. The major life activities affected by a herniated disc and lumbar radiculopathy include, but are not limited, sitting, standing and performing manual tasks.
30. Plaintiff initially treated his injuries with physical therapy and cortisone injections.

**PLAINTIFF WAS PLACED ON FAMILY AND MEDICAL LEAVE ACT (“FMLA”) LEAVE IN ORDER TO HAVE AND RECOVER FROM HIS SURGERY TO TREAT HIS DISABILITIES**

31. However, due to his symptoms not resolving, Dr. Nirav K. Shah, Neurosurgeon, determined that Plaintiff was required to have a discectomy performed.
32. Plaintiff proceeded to apply for Family and Medical Leave Act (“FMLA”) leave to have his surgery on April 25, 2024 and to recover for approximately two (2) weeks.
33. Defendant approved Plaintiff’s request for FMLA leave.
34. On April 25, 2024, Dr. Shah performed Plaintiff’s procedure to treat his disabilities.
35. Plaintiff returned to work two (2) weeks later.

**PLAINTIFF WAS PLACED ON REASONABLE ACCOMMODATIONS UPON HIS RETURN TO WORK**

36. Upon his return to work, Dr. Shah placed Plaintiff on the reasonable accommodations of being able to sit, stand and walk as needed.
37. Plaintiff informed Giffen Tan, Director of Table Games, of his accommodation requests who approved them.

**A NEW GENERAL MANAGER CAME TO DEFENDANT**

38. In or around April 2024, Susan Foster (Caucasian) became the new General Manager.

**FOSTER MADE A DISCRIMINATORY COMMENT TO PLAINTIFF**

39. In or around June 2024, Foster commented to Plaintiff that she did not like Asian people to manage her Asian games and Asian customers, or words to that effect.
40. Plaintiff was offended by Foster’s discriminatory comment.

41. In addition, Patricia Ryan (Caucasian, American-born), Table Games Shift Manager, overheard Foster's comment and asked Plaintiff why she would say that to him.

**FOSTER IMPLEMENTED A NEW POLICY AT DEFENDANT**

42. Previously, in or around April 2024, Foster implemented a new policy at Defendant in which all managers were required to spend 65% of their shift on the gaming floor.

**DEFENDANT ISSUED PLAINTIFF A WRITTEN DISCIPLINE DUE TO THE NEW POLICY**

43. On July 24, 2024, Tan and a Human Resources Representative (Name Unknown) issued Plaintiff a written discipline for allegedly not spending 65% of his shift on the gaming floor on July 5, July 6, and July 7, 2024.

44. Plaintiff explained that he had been on the floor assisting with dinner as per his job duties, but his written discipline was upheld.

**DR. SHAH EXAMINED PLAINTIFF AND DETERMINED THAT HE WOULD NEED TO TAKE AN ADDITIONAL LEAVE OF ABSENCE TO FULLY RECOVER FROM HIS SURGERY**

45. On July 26, 2024, Plaintiff used paid-time off ("PTO") in order to attend a doctor's appointment with Dr. Shah in the morning.

46. Dr. Shah informed Plaintiff that he should take another leave of absence for several weeks in order to fully recover from his surgery.

**PLAINTIFF INFORMED TAN THAT HE WAS GOING TO REQUEST AN ADDITIONAL ACOMMODATION IN THE FORM OF A LEAVE OF ABSENCE**

47. Following his appointment with Dr. Shah, Plaintiff called Tan and informed him that he was going to need an additional accommodation in the form of a medical leave of absence through FMLA leave.

**DEFENDANT TERMINATED PLAINTIFF**

48. Shortly afterwards, Patricia Rocco (Caucasian, American-born), Vice President of Human Resources, called Plaintiff.

49. Plaintiff informed Rocco that he would need the additional accommodation of a medical leave of absence through FMLA leave.

50. Rocco replied, "You don't need to take a leave of absence, you are terminated as of today", or words to that effect.

51. Rocco proceeded to inform Plaintiff that the reason for his termination was allegedly due to Defendant "going in a different direction", or words to that effect.

52. Shortly afterwards, Plaintiff received a termination letter from Defendant which stated the reason for Plaintiff's termination was allegedly due to poor performance.

53. Upon information and belief, Ryan did not follow the 65% on floor rule, but Defendant issued her a discipline and did not terminate her.

**DEFENDANT REPLACED PLAINTIFF WITH AN AMERICAN-BORN, CAUCASIAN EMPLOYEE**

54. Upon information and belief, Defendant replaced Plaintiff with Bruce Pearlman (Caucasian, American-born).

55. Pearlman is not fluent and cannot read or write in Cantonese, and does not read, write, speak or understand Mandarin.

56. Importantly, the requirement for the Asian Table Games Manager is to be able to speak and read Chinese languages.

57. Defendant discriminated against Plaintiff due to his race, national origin, and disability and retaliated against him for requesting a reasonable accommodation in violation of Title VII, the ADA, the PHRA and the PFPO.

58. Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for utilizing and intending to utilize his rights under the FMLA in violation of the FMLA.

59. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – RACE DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

60. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

61. Plaintiff is a member of protected classes in that he is Asian.

62. Plaintiff was qualified to perform the job for which he was hired.

63. Plaintiff suffered adverse job actions, including, but not limited to termination.

64. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

65. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

66. Defendant discriminated against Plaintiff on the basis of his protected class.

67. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

68. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

69. Defendant's conduct was willful or performed with reckless disregard to his federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – DISCRIMINATION BASED ON RACE**
**PENNSYLVANIA HUMAN RELATIONS ACT**

70. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

71. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his protected class (Asian).

72. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – DISCRIMINATION BASED ON RACE**
**PHILADELPHIA FAIR PRACTICES ORDINANCE**

73. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

74. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his protected class (Asian).

75. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT IV – NATIONAL ORIGIN DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

76. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

77. Plaintiff is a member of protected classes in that his national origin is China.

78. Plaintiff was qualified to perform the job for which he was hired.

79. Plaintiff suffered adverse job actions, including, but not limited to termination.

80. Similarly situated people outside of Plaintiff's protected class were treated more

favorably than Plaintiff.

81. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

82. Defendant discriminated against Plaintiff on the basis of his protected class.

83. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

84. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

85. Defendant's conduct was willful or performed with reckless disregard to his federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT V – DISCRIMINATION BASED ON NATIONAL ORIGIN**
**PENNSYLVANIA HUMAN RELATIONS ACT**

86. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

87. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his national origin (China).

88. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VI – DISCRIMINATION BASED ON NATIONAL ORIGIN**
**PHILADELPHIA FAIR PRACTICES ORDINANCE**

89. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

90. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his national origin (China).

91. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VII – DISABILITY DISCRIMINATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

92. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

93. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

94. Plaintiff was qualified to perform the job.

95. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

96. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

97. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

98. Plaintiff's disabilities motivated Defendant's decision to take adverse actions against Plaintiff.

99. The purported reason for Defendant's decision is pretextual.

100. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

101. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

102. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

103. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VIII – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

104. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

105. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

106. Plaintiff was qualified to perform the job.

107. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

108. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

109. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse

employment actions.

110. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

111. The purported reason for Defendant's decision is pretextual.

112. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

113. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

114. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT IX – DISABILITY DISCRIMINATION**
**PHILADELPHIA FAIR PRACTICES ORDINANCE**

115. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

116. Plaintiff is a "qualified individual with a disability" as that term is defined under the PFPO because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

117. Plaintiff was qualified to perform the job.

118. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

119. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

120. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

121. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

122. The purported reason for Defendant's decision is pretextual.

123. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

124. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

125. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT X – RETALIATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

126. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

127. Plaintiff engaged in activity protected by the ADA.

128. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

129. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT XI – RETALIATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

130. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

131. Plaintiff engaged in activity protected by the PHRA.

132. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

133. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT XII – RETALIATION**
**PHILADELPHIA FAIR PRACTICES ORDINANCE**

134. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

135. Plaintiff engaged in activity protected by the PFPO.

136. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

137. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT XIII – INTERFERENCE**
**FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED**

138. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

139. The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

140. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA leave to care for his own serious health condition.

141. Defendant acted in bad faith by interfering with Plaintiff's rights under the FMLA.

142. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FMLA-related request for leave.

143. Defendant's aforementioned actions violate 29 U.S.C. § 2615(a)(1) of the Family and Medical Leave Act in that the employer cannot "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

144. As a direct and proximate result of Defendant's unlawful interference with Plaintiff's rights under the FMLA, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, disruption of his personal life and loss of enjoyment of the ordinary pleasures of life.

145. Plaintiff demands judgment in his favor against Defendant for all available equitable relief including, but not limited to: unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

146. Plaintiff further demands judgment in his favor against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those

sums, as liquidated damages under § 2617(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the Family and Medical Leave Act of 1993.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

**COUNT XIV – RETALIATION**
**FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED**

147. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

148. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the FMLA.

149. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA Leave to care for his own serious medical conditions.

150. Plaintiff gave Defendant sufficient information to allow it to understand that he needed leave for FMLA-qualifying reasons.

151. The retaliation occurred in the form of the continued implementation of a policy that discourages and interferes with Plaintiff's right to invoke his federally protected rights under the FMLA.

152. As a result of Plaintiff's attempt to invoke his FMLA rights, by requesting and utilizing his FMLA rights, Defendant has retaliated against Plaintiff by terminating his employment.

153. Defendant's motivation for retaliating against Plaintiff was connected causally to Plaintiff's FMLA leave.

154. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

155. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was

deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

156. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

157. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Zeng "Peter" Huang, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Emotional pain and suffering;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences;

(h) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the ADA, the PHRA, the PFPO and the FMLA.

(i) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: August 31, 2026

**By:** ***/s/David M. Koller***

David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*